IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Young Ko,**

    **Petitioner,**

    v.

    Civil Action 2:10-cr-160(3)
    Judge Algenon L. Marbley
    Magistrate Judge Elizabeth P. Deavers

**United States of America,**

    **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner, Young Ko, who alleges that he faces deportation to South Korea, seeks the issuance of a writ of *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651(a). (ECF No. 283.) Ko asks the Court to vacate his guilty plea because the sentencing court and his trial counsel did not advise him of the risk of deportation arising from his guilty plea. Ko has also filed a Motion to Expedite Ruling, asserting that he is currently awaiting removal to South Korea based upon the decision of The Board of Immigration Appeal. (ECF No. 300.) Ko's Motion to Expedite Ruling is **GRANTED** for good cause shown. For the reasons that follow, it is **RECOMMENDED** that Ko's Petition be **DENIED** and that this action be **DISMISSED**.

I.

In February 2011, this Court convicted Ko of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana, following entry of a guilty plea. On September 6, 2011, Ko was sentenced to thirty-six months incarceration, to be followed by three years of supervised release.

Ko timely appealed the Court's judgment. Ko's counsel moved to withdraw, filing a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). On June 19, 2012, the United States Court of Appeals for the Sixth Circuit granted Ko's appellate counsel's request to withdraw and affirmed this Court's decision to accept Ko's guilty plea. *United States v. Young Ko*, 485 F. App'x 102, 106 (2012). The Sixth Circuit concluded that "under the totality of the circumstances, the record reflects that Ko entered a valid guilty plea." *Id*. at 104–05. The Court also declined to consider Ko's claim that his trial counsel was ineffective as premature and advised as follows:

> Claims of ineffective assistance of counsel are generally disfavored on direct appeal and are more appropriately brought by filing a 28 U.S.C. § 2255 motion to vacate, set aside or correct a sentence. Ko's ineffective assistance of counsel claim is premature at this stage of the proceeding.

(*Id*. at 105–06)

Ko filed the subject Motion on May 1, 2014. (ECF No. 283.) Relying on the United States Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010), Ko argues that his attorney was constitutionally ineffective because he failed to advise him of the immigration consequences of his plea. The Government opposes Ko's Motion, maintaining that his request is procedurally improper. In support of this contention, the Government posits that Ko's failure to proffer any reason that would excuse his failure to seek relief earlier renders his Motion untimely and procedurally defective. The Government alternatively argues that Ko's Motion lacks merit because his guilty plea was not attributable to any violation of the Federal Rules of Civil Procedure or ineffective assistance of counsel as defined in *Strickland v. Washington*, 466 U.S. 668 (1984).

**II.**

"*Coram nobis* is an extraordinary writ that may be used to vacate a federal sentence or conviction when a 28 U.S.C. § 2255 motion is unavailable—generally, when the petitioner has served his sentence completely and thus is no longer in custody." *United States v. Waters*, 770 F.3d 1146, 1146 (6th Cir. 2014) (internal quotation marks and citations omitted). A writ of error *coram nobis* "is so extraordinary that it is used only in 'circumstances compelling such action to achieve justice.'" *Id.* (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954)).

A petitioner seeking *coram nobis* relief must establish the following: "(1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Hanna v. United States*, 559 F. App'x 75, 75 (2nd Cir. 2014) (internal quotation marks and citations omitted); *Frasier v. United States*, 343 F. App'x 985, 986 (5th Cir. 2009) (same); *United States v. Pearl*, 288 F. App'x 651, 653 (11th Cir. 2008) (same); *Morgan*, 346 U.S. at 512 (*coram nobis* request may be considered where "no other remedy [is] available and sounds reasons exist for failure to seek appropriate earlier relief"); *United States v. Nyhuis*, 40 F. App'x 80, 81 (6th Cir. 2002) (noting that "the doctrine of laches applies to *coram nobis* proceedings" and that "[t]o avoid the bar, a *coram nobis* petitioner must demonstrate that sound reasons exist for not seeking appropriate relief previously").

### III.

Because Ko has failed to offer any legitimate explanation for failing to raise his challenges to his conviction sooner and through a § 2255 petition, it is **RECOMMENDED** his Petition be **DENIED** and that this action be **DISMISSED**.[1]  In *Padilla*, the case upon which Ko relies, the Supreme Court held that the Sixth Amendment requires counsel for a criminal defendant to inform a defendant about the potential for deportation as a consequence arising from a guilty plea.  559 U.S. at 374.  The Supreme Court decided *Padilla* in March 2010, more than one year prior to this Court sentencing Ko in September 2011.

Ko failed, however, to timely file a habeas petition under § 2255 raising his *Padilla*-based ineffective assistance claims and instead waited nearly three years to file a *coram nobis* petition, even though Sixth Circuit explicitly advised Ko to pursue any ineffective assistance of counsel claims via a § 2255 petition.  *See* 485 F. App'x at 105–06; *United States v. Jabero*, No. 03-81060-2, 2012 WL 3109405, at *3 (E.D. Mich. July 31, 2012) (finding that petitioner's *Padilla*-based motion was time-barred where he waited until thirteen months after the *Padilla* Court's decision).  Thus, granting Ko the *coram nobis* relief he seeks would have the effect of awarding relief that he would be time-barred from seeking under § 2255 if he were still incarcerated.  *See* 28 U.S.C. § 2255(f) (setting forth the limitations period applicable to motions for relief attacking sentence).  The Undersigned concludes that this Court should decline to permit Ko to circumvent the statutory time bar set forth in § 2255 by simply waiting until his release and raising the claims via a *coram nobis* petition.  *See Capozzi v. United States*, No. 13-

---

[1]This finding obviates the need to consider the alternative bases the Government advances in support of its opposition to Ko's Motion.

4

11275, 2014 WL 1572714, at *4 (D. Mass Apr. 5, 2014) (holding that the limitations provided in 28 U.S.C. § 2255 may not be evaded by the recourse to the general writ of *coram nobis*" (citations omitted)). Thus, in the absence of any justification for Ko's delay and his failure to timely raise the challenges through a § 2255 petition, the Undersigned declines to recommend that the Court grant the "extraordinary" writ of error *coram nobis. See United States v. Rocky Mtn. Corp., Inc.*, 442 F. App'x 875, 876 (4th Cir. 2011) (affirming district court's denial of petition for writ of error *coram nobis* where petitioner waited more than one year to challenge the conviction and failed to demonstrate that sound reasons existed for not seeking earlier relief); *Cf. Garcia v. United States*, No. CR 97–022 MEJ, 2012 WL 5389908, at *7 (N.D. Cal. Nov. 5, 2012) (finding a 15–month delay in filing a *coram nobis* petition after the Court decided *Padilla* unreasonable); *Quisano v. United States*, No. CIV. 07–00594, 2008 WL 351210, at *4 (D. Haw. Feb. 8, 2008) (*coram nobis* petition was untimely where petitioner waited one and a half years after being sentenced to challenge alleged sentencing errors).

## IV.

For the reasons set forth above, Ko's Motion to Expedite Ruling (ECF No. 300) is **GRANTED**, and it is **RECOMMENDED** that his Petition (ECF No. 283) be **DENIED** and that this action be **DISMISSED**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**


Date:  November 26, 2014                                          /s/ *Elizabeth A. Preston Deavers*
                                                                  Elizabeth A. Preston Deavers
                                                                  United States Magistrate Judge